# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GARY H. FRITZ,**

    Plaintiff,

vs.                                                   Civ. No. 01-751 BB/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed March 19, 2002. (Docket No. 8 )   The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the Motion is not well taken.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

    1.    Plaintiff Gary Fritz filed an application for benefits on April 24, 1998 alleging a disability since July 1, 1997 due to back, vision, hearing, mental and emotional problems.  Tr. 98, 109.  Plaintiff had previously been awarded benefits in 1992.  In 1997, it was determined that Plaintiff's disability had ceased and disability benefits were terminated.

    2.    The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on

February 14, 2001. At the hearing, the Plaintiff was represented by his attorney. On March 28, 2001, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in substantial gainful activity since his alleged onset date; the claimant has severe impairments of low back pain, status post lumbar fusion and depression; the severity of the claimant's impairments do not meet or equal a listed impairment; the claimant's testimony and reports of functional restrictions are not supported by the evidence; the claimant has the residual functional capacity for unskilled sedentary work; the claimant cannot perform his past relevant work; and based, on the testimony of the vocational expert, the claimant is capable of making a successful adjustment to work that exists in significant numbers in the national economy. Tr. 12-19.

3. The ALJ entered her decision on March 28, 2001. Thereafter, the Plaintiff filed a request for review. Tr. 8. On June 4, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on June 29, 2001.

4. Plaintiff was born on July 6, 1955. Tr. 83, 90. He graduated from college with a degree in political science. Tr. 102. He has past work experience as a construction worker and a factory worker. Tr. 62, 102.

## II. STANDARD OF REVIEW

5. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."

Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

6. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

7. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

8. Plaintiff raises three errors by the ALJ. The first is that the ALJ improperly found that Plaintiff's physical impairment did not meet Listing 1.05. The second is that the ALJ did not fully

consider Plaintiff's psychological problems. The third is that the ALJ improperly found that the Plaintiff's testimony was not credible.

Listing of Impairment 1.05, Disorders of the Spine.

9. Plaintiff has the burden at step three of demonstrating through medical evidence that his impairments "meet all the specified medical criteria contained in a particular Listing." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Plaintiff has not met his burden.

10. It appears that Plaintiff asserts he meets Listing 1.05(c). To prevail under Listing 1.05(c) Plaintiff must demonstrate that the following persist for at least 3 months despite prescribed therapy and are expected to last 12 months:

1. Pain, muscle spasm and significant limitations of motion in the spine; and
2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. pt. 404, Subpt. P, App. 1 §1.05(C) (2001).

In support of his assertion Plaintiff refers to several pages in the record but does not specify how these pages support his assertion. A review of the medical evidence clearly shows that Plaintiff does not meet the Listing.

11. Plaintiff injured his back in a work-related accident in 1990. He underwent a lumbar fusion in 1992. He received disability benefits from 1992 to 1997. In approximately 1998 Plaintiff's back pain returned. Tr. 154-158. As noted by the ALJ, the Plaintiff had some muscle spasm and low back tenderness. Tr. 14. His most recent records demonstrate that these symptoms have resolved.

12. On September 22, 1999. Plaintiff underwent a comprehensive internal medicine consultation by Dr. Nicholas Nillo. Tr. 189. Throughout the exam Dr. Nillo noted that the Plaintiff was not cooperative and was not motivated to obtain a real assessment of his physical capabilities.

4

Tr. 193. For example, upon physical examination Dr. Nillo found the following:

> Musculature is very well-developed with excellent bulk and tone, and no measurable inequality of resisted movements...He also exhibits a voluntary quivering movement of the upper extremities and torso during the exam.
> On examination of the lower extremities muscle bulk and tone are excellent, however, there was an apparent give-way weakness of resisted dorsiflexsion movements from the right great toe estimated at 80 to 90% the strength of the left side, and the strength of resisted ankle dorsiflexsion could not be reliably assessed due to poor effort." Tr. 192.

Upon examination of Plaintiff's back, Dr. Nillo found that:

> The lordotic curvatures are preserved and mildly flatten and appear to start to reverse curvate but he voluntarily restricts flexion to 30 [degrees] and voluntary restricts extension and lateral flexion to 20 [degrees]. He however was covertly observed to hyperextend the back and neck after he left the building to the parking lot area. Tr. 193.

Dr. Nillo concludes that Plaintiff's "stated limitations far exceed the objective findings at the time of this exam." Id.

13. On May 2, 2000, Dr. Gonzalez, a neurosurgeon with the University of New Medical Hospital, evaluated the Plaintiff. He found the following:

> [H]e has excellent strength in all muscle groups in the upper and lower extremities. On sensory exam, he is intact. Cranial nerves II through XII are intact. He has some tenderness down the midline spine from approximately C7 to L4.

Upon review of a CT myelogram he noted that Plaintiff has a "widely patent lumbar canal" with a stable fusion. In conclusion he found that Plaintiff's "severe back pain is not consistent with any pathology which is amendable to surgical remedy." Tr. 227.

14. Plaintiff has failed to meet his burden at step three. Potter v. Secretary of HHS, 905 F.2d 1346, 1349 (10th Cir. 1990). The medical evidence does not demonstrate a significant loss of motion of the spine, significant motor loss, muscle weakness or reflex loss as required for Listing

1.05(c).

Psychological Impairment.

15. Plaintiff asserts that the ALJ did not fully consider the Plaintiff's psychological problems. Specifically, Plaintiff asserts that the ALJ did not consider the report of Dr. Clifford Morgan. However, a review of the record shows otherwise. The ALJ specifically discussed the report with the Plaintiff during the administrative hearing. Tr. 56. Further, Dr. Silsby's evaluation, on which the ALJ relied, refers to Dr. Morgan's report. Tr. 198. 56-57. Furthermore, Dr. Morgan was not a treating psychologist and thus the ALJ is not required to give his opinion substantial weight. Goatcher v. U.S. Dep't of Health & Human Servs, 52 F.3d 288, 289-90 (10th Cir. 1995).

16. There is substantial evidence in the record that Plaintiff's psychological problems do not prevent him from performing substantial gainful activity. Cruse v. U.S. Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995). Dr. Silsby performed a consultative evaluation on October 6, 1999 and concluded that Plaintiff did not have a psychiatric diagnosis and that his prognosis was good. Tr. 199. Dr. Silsby found nothing wrong with the Plaintiff. According to the Plaintiff he was on no medications and the Plaintiff denied any symptoms of depression. Tr. 198. His perceptions were normal. His intelligence was within normal limits. Dr. Silsby found that the Plaintiff gets long with people well and that he has no difficulty in concentrating and he is able to take care of himself. In addition, he noted that Plaintiff had not been treated for any psychological condition. Tr. 199-200. Dr. Silsby concluded that "perhaps during the evaluation in 1998 [by Dr. Morgan], he was under stress from his back condition." Tr. 198.

17. The ALJ resolved, as she is required to do, any inconsistencies in the record.

Richardson v. Perales, 402 U.S. 389, 399 (1971); Casias v. Secretary of Health and Human Services, 933 F.2d 799, 801 (10th Cir. 1991).

Credibility

18. Plaintiff asserts that the ALJ did not properly find that he was not credible. However, the ALJ's reasoning is based upon substantial evidence and is not contrary to law. The ALJ properly noted the specific inconsistencies in the record. Tr. 15. Jackson v. Apfel, 162 F.3d 533, 538 (8th Cir. 1998)("An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole."); Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir.1988) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.")

19. The ALJ specifically noted that the objective findings on the CT and MRI scans were minimal:

> A CT scan of the lumbar spine was performed on April 26, 2000 and revealed post operative changes of an L4-5 fusion. There was no obvious evidence of lumbar disc herniation, significant spinal stenosis or neural foramina narrowing...MRI studies performed on March 8, 2000 revealed that the visualized spine superior and inferior to the surgical levels were essentially unremarkable, with the exception of degenerative loss or disc sign intensity at L5-81. Tr. 16

In addition, the ALJ noted that the medical records support the possibility of symptom magnification. Specifically, she discussed a consulting physician findings that Plaintiff's stated limitations far exceeded the objective findings. Further, she noted that the consulting psychiatrist made no Axis In or Axis II psychiatric diagnosis.

20 Finally, Plaintiff asserts that his testimony that he has to lie down approximately six times a day is supported by Dr. Rupert Clark. Dr. Clark did not make this finding but rather noted

7

what the Plaintiff had reported to him. Tr. 253. Further, Dr. Clark's letter is conclusory and unsupported by any clinical findings. Thus, his report cannot be relied on by the ALJ. <u>Bernal v. Bowen</u>, 851 F.2d 297, 301 (10th Cir. 1988). The ALJ's credibility finding is supported by the substantial evidence. <u>Bean v. Chater,</u> 77 F.3d 1213 (10th Cir. 1995).

## **RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did apply the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed March 19, 2002, should be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**